UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE WELCH,<br><br>                    Plaintiff,<br><br>- against –<br><br>CITY OF PEEKSKILL,<br><br>                    Defendant. | Civ. No. 21-cv-07230 (PMH)<br><br>**JOINT PRE-TRIAL ORDER** |

**PHILIP M. HALPERN, U.S.D.J.**

Plaintiff Tyrone Welch ("Plaintiff" or "Welch") and the City of Peekskill ("Defendant" or the "City") through their undersigned counsel, having conferred among themselves and with the approval of the Court, the following statements, directions and agreements are hereby adopted as the Joint Pretrial Order herein:

**I.      FULL CAPTION OF ACTION**

        See above.

**II.     ANTICIPATED TRIAL TIME**

        **A.      Plaintiff**

Plaintiff estimates the total trial time need for his case in chief to be 12-15 hours.

        **B.      Defendant**

The City anticipates that it will need approximately 8-12 hours of trial time to present its case in chief.

1

**III.   TRIAL COUNSEL**

    **A.   Plaintiff**

        Nathaniel K. Charny
        Cell:  (917) 957-8426
        H. Joseph Cronen
        Cell:  (607) 279-3829
        Charny & Wheeler P.C.
        42 West Market Street
        Rhinebeck, New York  12572
        Office Telephone:  (845) 876-7500
        Email:  ncharny@charnywheeler.com
        Email:  jcronen@charnywheeler.com

    **B.   Defendants**

        Craig R. Benson
        Cell: (914) 589-8444
        Joseph E. Field
        Cell: (914) 261-2040
        Littler Mendelson P.C.
        900 Third Avenue
        New York, New York 10022
        Office Telephone: (212) 583-9600
        E-mail:  cbenson@littler.com
        E-mail:  jfield@littler.com

**IV.   BASIS FOR SUBJECT MATTER JURISDICTION**

    **A.   Plaintiff**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

    **B.   Defendants**

Defendant agrees that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the claims and the defenses asserted in this action.

**V.   CLAIMS AND DEFENSES**

The following claims and defenses remain for trial in this case.

    **A.   Plaintiff's Claims**

Plaintiff has two claims remaining for trial in this case:

    (1)    First Amendment Retaliation; and

    (2)    Municipal Liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

**B.**    **Defendant's Defenses**

The City states that the following defenses to Welch's claims remain to be tried.

    1.    Plaintiff cannot establish that he engaged in conduct protected by the First Amendment to the United States Constitution (the "First Amendment").

    2.    Plaintiff's speech was not protected by the First Amendment because his social media posts contained racist and offensive language.

    3.    Plaintiff's speech was not protected by the First Amendment because his social media posts contained knowingly false factual representations about the City's former Mayor Andre Rainey ("Rainey").

    4.    The City's social media policy regulates offensive speech and does not unreasonably restrict the rights of City employees.

    5.    Plaintiff did not suffer any adverse employment action as a result of his social media posts.

    6.    The written reprimand that Plaintiff received following the City's investigation into the social media posts was non-disciplinary in nature and was removed from Plaintiff's employment file eighteen months after it was issued pursuant to the terms of the collective bargaining agreement between the City and the Plaintiff's union.

    7.    Plaintiff cannot show that he was harmed by the City's actions in this matter.

    8.    Plaintiff has not suffered any economic or non-economic damages.

    9.    The facts do not support Plaintiff's claim for emotional distress damages.

Defendant also notes that former individual defendant Andrew Y. Stewart ("Stewart") has been dismissed from this action following the Court's Opinion and Order, dated January 15, 2024 (ECF# 47, p. 8). Therefore, the specific defenses relating to Stewart no longer remain to be tried.

## VI. TRIAL

### A. Plaintiff

Plaintiff estimates that the trial will require between three to four trial days. Plaintiff has requested a jury trial.

### B. Defendant

Defendant estimates that the trial will require between two to three full trial days. The Plaintiff has requested a jury trial.

## VII. CONSENT TO MAGISTRATE

The parties do not consent to proceed to trial before a Magistrate Judge.

## VIII. STIPULATED FACTS

The parties have conferred and have agreed on the following stipulations of fact that can be read or provided to the jury at trial:

1. The City is a municipal entity of the State of New York located in Northern Westchester County, New York.

2. Rainey is a former Mayor of the City who held office during the period relevant to this action.

3. Welch is employed as a Laborer with the City. Welch has worked for the City on a full time basis for more than fourteen years.

## IX. WITNESSES

### A. Plaintiff

The following is a list of the witnesses that Plaintiff may call to testify at the time of trial in this

action. Plaintiff reserves the right to supplement or modify this list in accordance with the Federal Rules of Civil Procedure or the Local Rules of this Court. This list does not include additional witnesses that Plaintiff may call for purposes of rebuttal or impeachment at the time of trial. Plaintiff reserves the right to call any witness listed on Defendant's witness list. Plaintiff may choose not to call any witness on this list at trial and to object to Defendant's attempt to call such witness. Plaintiff may call any witness on this list to authenticate documents. Plaintiff reserves the right not to ask any given witness about all subjects listed under their name and to object to Defendant asking about a given subject.

1. **Plaintiff Tyrone Welch**

    Plaintiff will testify regarding his claims in this case, his employment with the City and his damages. Plaintiff will need between 2 to 3 hours for this witness.

2. **Andrew Stewart**

    Stewart was the City Manager at the time of the events at issue and who signed the Written Reprimand and will testify as to the basis for the Written Reprimand. Plaintiff will need 1 to 2 hours for this witness.

3. **Joanna Duncan**

    Duncan was the Human Resource Manager at the time of the events at issue and who managed the "investigation" into the Social Media Posts. Duncan will testify as to the investigation and the basis for the Written Reprimand. Plaintiff will need 1 to 2 hours for this witness.

4. **Andre Rainey**

    Rainey was the Mayor and outgoing Mayor at the time of the events at issue and was the impetus for the investigation and Written Reprimand. Rainey will testify as to his complaint regarding the Social Media Posts, the investigation and the resulting Written Reprimand. Plaintiff will need 1 to 2 hours for this witness.

5. **David Rambo**

    David Rambo was Plaintiff's supervisor for all times relevant to the Complaint and will testify as to the basis and intention for Defendant's

>investigation of Plaintiff and the resulting Written Reprimand.  Plaintiff will need 1 to 2 hours for this witness.

Defendant objects to this witness as his testimony is irrelevant.  Mr. Rambo was not involved in the investigation or the Reprimand and was not the Plaintiff's supervisor during the time period relevant hereto.

6. **Emily Roscia**

>Emily Roscia was Plaintiff's principal union representative for all times relevant to the Social Media Posts, investigation and resulting written reprimand and will testify as to the investigation process and impact of the Written Reprimand.  Plaintiff will need 1 to 2 hours for this witness.

7. **Tashuma Draper**

>Tashuma Draper is an acquaintance of Plaintiff and will testify as to Plaintiff's activism, the Social Media Posts and the damages arising out of the Defendant's retaliatory conduct.  Plaintiff will need 1 to 2 hours for this witness.

8. **Sylvio Burcescu**

>Sylvio Burcescu was and is Plaintiff's treating health care provider and will testify as to damages.  Plaintiff will need 1 hour for this witness.

9. **Richard Hanemann**

>Richard Hanemann was and is Plaintiff's treating mental health provider and will testify as to damages.  Plaintiff will need 1 to 2 hours for this witness.

B. **Defendant**

The following is a list of the witnesses that Defendant may call to testify at the time of trial in this action.  The City reserves the right to supplement or modify this list in accordance with the Federal Rules of Civil Procedure or the Local Rules of this Court.  This list does not include additional witnesses that Defendant may call for purposes of rebuttal or impeachment at the time of trial.  The City reserves the right to call any witness listed on Welch's witness list.  Defendant may choose not to call any witness on this list at trial and to object to Plaintiff's attempt to call such witness.

Defendant may call any witness on this list to authenticate documents. Defendant reserves the right not to ask any given witness about all subjects listed under their name and to object to Plaintiff asking about a given subject.

1. **Plaintiff Tyrone Welch**

    Plaintiff will testify regarding his claims in this case, his employment with the City and his alleged damages. Defendant will need between 1-2 hours for this witness.

2. **Andrew Stewart**

    Stewart will testify regarding his background and former employment with the City, the City's organization and structure, the City's policies and procedures, the allegations made in Welch's social media posts, Stewart's communications and interactions with Rainey and Duncan concerning the events refenced in the Plaintiff's Complaint, Plaintiff's violation of the City's social media policies and Plaintiff's claims and the City's defenses thereto. Defendant will need between 1-2 hours for this witness.

3. **Joanna Duncan**

    Duncan will testify regarding her background and employment with the City, the City's organization and structure, the City's policies and procedures, the allegations made in Welch's social media posts, Duncan's communications and interactions with Rainey and Stewart concerning the events refenced in the Plaintiff's Complaint, Plaintiff's violation of the City's social media policies and Plaintiff's claims and the City's defenses thereto. Defendant will need between 1-2 hours for this witness.

4. **Andre Rainey**

    Rainey will testify regarding his role as the City's former mayor, his relationship and communications with Plaintiff, the allegations made by Plaintiff in his social media posts, the racist and offensive nature of certain of the social media posts and the false statements made therein, and communications between and among Rainey, Stewart, and Duncan about the City's investigation into the social media posts and its response thereto. Defendant will need between 1-2 hours for this witness.

5. **Christopher Gross**

    Christopher Gross will testify regarding Plaintiff's recently asserted allegations of retaliation, and Plaintiff's employment in the Department of Public Works. Defendant will need 30 minutes to 1 hour for this witness.

PLAINTIFF OBJECTS TO THIS WITNESS AND HIS TESTIMONY AS IRRELEVANT AND UNDULY PREJUDICIAL.

X. **DEPOSITION DESIGNATIONS**

    A. **Plaintiff**

Plaintiff does not anticipate needing any witnesses by deposition designations and reserves that option should witnesses not be available.

    B. **Defendant**

Defendant anticipates that all of its witnesses will testify in person at trial. However, in the event that Rainey is not available for trial pursuant to Rule 32(a)(4) of the Federal Rules of Civil Procedure, Defendant designates the following testimony from Rainey's July 11, 2022 deposition as follows: 12:14-13:3, 14:19-15:20, 24:4-21, 27:3-34:21, 45:17-46:10, 50:1-17, 52:22-53:17, 55:5-56:6, 57:15-58:16, 60:1-61:12, 64:8-65:17, 66:4-68:5, 68:19-69:5, 71:10-73:7, 74:6-76:20, 78:1-83:8, 85:2-89:16, 91:5-92:14, 101:10-102:18 and 103:4-8. Defendant also reserves the right to designate relevant deposition excerpts of any other witness for use at trial to the extent that such witness is not available pursuant to Rule 32(a)(4) of the Federal Rules of Civil Procedure.

XI. **EXHIBIT LIST**

    A. **Plaintiff**

The Plaintiff's exhibit list is annexed hereto as Exhibit A. The list is subject to supplementation, modification and revision based, *inter alia*, on the Court's ruling on any *in limine* or other motions that may be filed. This list does not include documents that Plaintiff may use to impeach any of Defendant's witnesses. By including a document on this list, Plaintiff is not conceding that the proposed exhibit is either relevant or admissible for all purposes at trial. Plaintiff reserves the right to introduce additional exhibits for in rebuttal to Defendant's case and to introduce exhibits from Defendant's exhibit list. Plaintiff also reserves the right not to offer any exhibit on this list at trial

and to object to Defendant's attempt to offer such exhibit into evidence.  Plaintiff reserves the right to interpose additional objections upon the actual proffer of any of the exhibits identified herein at trial.

    **B.**    **Defendant**

Defendant's exhibit list is annexed hereto as Exhibit B.  The list is subject to supplementation, modification and revision based, *inter alia*, on the Court's ruling on any *in limine* or other motions that may be filed.  This list does not include documents that Defendant may use to impeach Plaintiff or any other witness. By including a document on this list, Defendant is not conceding that the proposed exhibit is either relevant or admissible for all purposes at trial.  Defendant reserves the right to introduce additional exhibits for in rebuttal to Plaintiff's case and to introduce exhibits from Plaintiff's exhibit list.  Defendant also reserve the right not to offer any exhibit on this list at trial and to object to Plaintiff's attempt to offer such exhibit into evidence.  Defendant reserves the right to interpose additional objections upon the actual proffer of any of the exhibits identified herein at trial.

**XII.**    **STATEMENT OF DAMAGES CLAIMED**

Plaintiff seeks and claims the following damages:

    (i)    Equitable relief, including an order compelling the removal of the Written Reprimand from Plaintiff's personnel file or any other record of same;

    (ii)    And injunction against the use or reference of the investigation, Social Media Posts or the Written Reprimand as against Plaintiff for perpetuity;

    (iii)    A declaration that the City's Social Media Policy is unconstitutional as applied herein;

    (iv)    Compensatory/mental anguish damages set by the jury;

    (v)    Attorneys fees and costs incurred; and

    (vi)    Such other relief as the Court and/or jury deem proper and just.

## XIII. <u>STATEMENT REGARDING THE VERDICT</u>

The parties do not consent to a less than unanimous verdict.

Dated: April 8, 2024

| **CHARNY & WHEELER P.C.** | **LITTLER MENDELSON, P.C.** |
|---|---|
| By:   <u>*s/ Nathaniel K. Charny*</u><br>Nathaniel K. Charny<br>H. Joseph Cronen<br>9 West Market Street<br>Rhinebeck, New York 12572<br>(845) 876-7500<br>*Attorneys for Plaintiff* | By:   <u>*s/ Joseph E. Field*</u><br>Craig Benson<br>Joseph E. Field<br>900 Third Avenue<br>New York, New York 10022<br>(212) 583-9600<br>*Attorneys for Defendant* |

**SO ORDERED:**

_____
    **PHILIP M. HALPERN**

EXHIBIT A

PLAINTIFF'S LIST OF TRIAL EXHIBITS

| EX. NO. | BATES | DESCRIPTION | BASIS FIR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
| 1 | PL 001-004 | Plaintiff's Instagram Posts | Relevance (FRE 401, 402) | |
| 2 | PL 005-011 | Plaintiff's Facebook Posts | Relevance (FRE 401, 402) | |
| 3 | PL 012-014 | Plaintiff's Instagram Post | Relevance (FRE 401, 402) | |
| 4 | PL 014-15 | Plaintiff's Instagram Post | Relevance (FRE 401, 402) | |
| 5 | PL 016-019 | Unsigned Reprimand | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)); Business Record (FRE 803(6)) | |
| 6 | PL 020-025 | Roscia Email with Plaintiff's Statement | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | Objection to PL 025 Relevance (FRE 401), Prejudice, Confusion (FRE 403) |
| 7 | PL 027-028 | Picture of Obama Cartoon and Covering Email | Relevance (FRE 401, 402) | Relevance (FRE 401), Prejudice, Confusion (FRE 403) |
| 8 | PL 029-038 | Signed Reprimand Without Rebuttal Photos | Relevance (FRE 401, 402); Business Record (FRE 803(6)) | |
| 9 | PL 039-044 | Covering Duncan Email with Signed Reprimand and Rebuttal Without Photos | Relevance (FRE 401, 402); Business Record (FRE 803(6)) | |
| 10 | PL 045-046 | Roscio/Stewart Email Exchange | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |

Page 1 of 4

EXHIBIT A

PLAINTIFF'S LIST OF TRIAL EXHIBITS

| 11 | PL 047 | Video of Rainey | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | Authentication (FRE 901), Relevance (FRE 401), Prejudice, Confusion, Waste of time (FRE 403) |
|---|---|---|---|---|
| 12 | PL 048 | Video of Rainey | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | Authentication (FRE 901), Relevance (FRE 401), Prejudice, Confusion, Waste of time (FRE 403) |
| 13 | DEF 0435-0436 | Text to Stewart | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 14 | DEF 0437-0448 | Investigation Statements and Report | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)); Business Record (FRE 803(6)) | |
| 15 | DEF 0449-0450 | Stewart Email re Policy Violations | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | Incomplete exhibit, missing 451-53 |
| 16 | DEF 0455 | Stewart/Duncan Email Exchange 1/19/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 17 | DEF 0461-0463 | Duncan Email to Welch 1/29/2021 | Relevance (FRE 401, 402) | |
| 18 | DEF 0516-0523 | Duncan Email to Welch 2/11/2021 | Relevance (FRE 401, 402) | |
| 19 | DEF 0532-0533 | Email Exchange between Stewart and Rainey 2/13-2/16/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 20 | DEF 0534-0536 | Stewart Email to Duncan 2/16/2021 | Relevance (FRE 401, 402); | |

EXHIBIT A

PLAINTIFF'S LIST OF TRIAL EXHIBITS

|   |   |   | Admission (FRE 801(d)(2)) |   |
|---|---|---|---|---|
| 21 | DEF 0537-0542 | Roscio Email with Attachment 2/17/2021 | Relevance (FRE 401, 402) | Objection to DEF 0542 Relevance (FRE 401), Prejudice, Confusion (FRE 403) |
| 22 | DEF 0551-0552 | Email Exchange Roscio and Duncan 2/17/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) |   |
| 23 | DEF 0553-0555 | Email Roscio to Duncan 2/17/2021 | Relevance (FRE 401, 402) | Objection to DEF 0554 Relevance (FRE 401), Prejudice, Confusion (FRE 403) |
| 24 | DEF 0572 - 0592 | Investigation Report with Duncan Covering Email | Relevance (FRE 401, 402) | Objection to DEF 0588 Relevance (FRE 401), Prejudice, Confusion (FRE 403) |
| 25 | DEF 0598-0600 | Stewart/Duncan Email Exchange | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) |   |
| 26 | DEF 0601-0605 | Duncan/Stewart Email With Draft 3/3/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) |   |
| 27 | DEF 0607 | Stewart Email to Duncan 3/22/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) |   |
| 28 | DEF 0617-0618 | Roscio/Duncan Email Exchange 3/24/2021 | Relevance (FRE 401, 402) |   |
| 29 | DEF 0648-0649 | Stewart/Rainey Email Exchange 2/16/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) |   |

Page 3 of 4

EXHIBIT A

PLAINTIFF'S LIST OF TRIAL EXHIBITS

| 30 | MED 004-0517 | Mensana Medical Records | Relevance (FRE 401, 402); Business Record (FRE 803(6)) | Authentication (FRE 901), Relevance (FRE 401), Prejudice, Confusion, Waste of time (FRE 403) |

# EXHIBIT B

## DEFENDANT'S LIST OF TRIAL EXHIBITS

| EX. NO. | BATES NO. | DESCRIPTION | BASIS FOR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
| A | | Plaintiff's Complaint | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)) | Prejudice, Confusion, Waste of time (FRE 401-403); admissible only for impeachment (Andrews v. Metro N. Commuter R. Co., 882 F.2d 705, 707 (2d Cir. 1989)) |
| B | DEF000097, DEF000099 and DEF000128 | Plaintiff's Acknowledgement of City's Unlawful Harassment Policy | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| C | Plaintiff Welch's Production 000001-000004- | Screen shots of Plaintiff's Instagram posts | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)), Hearsay Residual Exception (FRE 807) | |
| D | DEF000461-DEF000463 | 1/29/21 email from Joanna Duncan to Plaintiff re social media | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| E | Plaintiff Welch's Production 000041-000044 | City of Peekskill Workplace Investigation | Relevance (FRE 401, 402), Recorded Recollection 803(5), Business Record 803(6)) | |
| F | DEF000046-DEF000053 | Written Reprimand dated 3/23/21 signed by Plaintiff on 3/25/21 with Plaintiff's response | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| G | Plaintiff Welch's Production 000029-000030 | 3/25/21 email from Joanna Duncan to Emily Roscia re Reprimand | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| H | DEF000300, DEF000316-DEF000317 and DEF000323 | Relevant provisions of CBA between City of Peekskill and Teamsters Local 456 | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | Relevance (FRE 401, 402); incomplete document; Prejudice, Confusion, Waste of time (FRE 403) |
| I | Plaintiff Welch's Production 000005-000011 | Plaintiff's Facebook posts | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)), Hearsay | Relevance (FRE 401, 402); Hearsay (802); Authentication (FRE |

# EXHIBIT B

## DEFENDANT'S LIST OF TRIAL EXHIBITS

| EX. NO. | BATES NO. | DESCRIPTION | BASIS FOR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
|  |  |  | Residual Exception (FRE 807) | 901); Prejudice, Confusion, Waste of time (FRE 403) |
| J | Plaintiff Welch's Production 000014-000015 | Plaintiff's Instagram post | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)), Hearsay Residual Exception (FRE 807) | Relevance (FRE 401, 402); Hearsay (802); Authentication (FRE 901); Prejudice, Confusion, Waste of time (FRE 403) |
| K | DEF000435-DEF000436 | 1/16/21 Text messages between Andre Rainey and Andrew Stewart | Relevance (FRE 401, 402), Present sense impression (FRE 803(1)) Recorded recollection 805(5), Business Record (FRE 803(6)) |  |
| L | DEF000572-DEF000581 | 2/22/21 email from Joanna Duncan to Andy Stewart with attached investigation report | Relevance (FRE 401, 402), Business Record (FRE 803(6)) |  |
| M | DEF000534-DEF000536 | 2/16/21 email chain between Andy Stewart and Joanna Duncan re investigation | Relevance (FRE 401, 402), Business Record (FRE 803(6)) |  |
| N | DEF000530-DEF000531 | 2/16/21 email from Andy Stewart to Joanna Duncan re Andre Rainey's request for an investigation | Relevance (FRE 401, 402), Business Record (FRE 803(6)) |  |
| O | DEF000462-DEF000463 | City's Social Media Policy | Relevance (FRE 401, 402), Business Record (FRE 803(6)) |  |
| P |  | 9/25/19 letter from Richard Leins to Deputy City Clerk Allyson Curtis | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | Relevance (FRE 401, 402); not previously produced; hearsay (FRE 801, 802); Authentication (FRE 901); Prejudice, Confusion, Waste of time (FRE 403) |

**EXHIBIT B**

**DEFENDANT'S LIST OF TRIAL EXHIBITS**

| EX. NO. | BATES NO. | DESCRIPTION | BASIS FOR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
| Q | | Plaintiff's Responses to Defendant's First Set of Interrogatories, dated 5/19/22 | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)) | Relevance (FRE 401, 402); only admissible for impeachment; Prejudice, Confusion, Waste of time (FRE 403) |
| R | | Declaration of Tyrone Welch in Opposition to Defendants' Motion for Summary Judgment, dated 2/20/23 | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)) | Relevance (FRE 401, 402); only admissible for impeachment; Prejudice, Confusion, Waste of time (FRE 403) |
| S | DEF000509-DEF000510 | 2/5/21 email chain between Joanna Duncan Emily Roscia | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| T | DEF000527 | 2/13/21 email from Andre Rainey to Joanna Duncan | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | Relevance (FRE 401, 402); hearsay (FRE 801, 802) |
| U | DEF000608 | 3/22/21 email chain between Emily Roscia and Melissa Ferraro | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | Relevance (FRE 401, 402); hearsay (FRE 801, 802) |
| V | DEF000628-DEF000631 | 3/25/21 email chain between Emily Roscia and Joanna Duncan with Reprimand | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |