UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE WELCH, | Civ. No. 21-cv-07230 (PMH) |
| Plaintiff, | |
| - against – | **JOINT PRE-TRIAL ORDER** |
| CITY OF PEEKSKILL, | |
| Defendant. | |

**PHILIP M. HALPERN, U.S.D.J.**

Plaintiff Tyrone Welch ("Plaintiff" or "Welch") and the City of Peekskill ("Defendant" or the "City") through their undersigned counsel, having conferred among themselves and with the approval of the Court, the following statements, directions and agreements are hereby adopted as the Joint Pretrial Order herein:

**I.    FULL CAPTION OF ACTION**

   See above.

**II.    SUMMARY OF ACTION**

This is civil action brought by Plaintiff, Tyrone Welch, against Defendant the City of Peekskill. Mr. Welch is a current employee of the City.  Mr. Welch contends that the City violated his rights of free speech under the First Amendment to the United States Constitution when it issued Mr. Welch a written reprimand for making certain posts on social media in January 2021 concerning the City's former mayor, Andre Rainey.  The City denies that it violated Mr. Welch's First Amendment rights and also denies that Mr. Welch suffered any damages as a result of receiving the written reprimand.

**III.    ANTICIPATED TRIAL TIME**

   **A.    Plaintiff**

Plaintiff estimates the total trial time need for his case in chief to be 12-15 hours.

   **B.    Defendant**

The City anticipates that it will need approximately 8-12 hours of trial time to present its case in chief.

IV.    **TRIAL COUNSEL**

A.    **Plaintiff**

Nathaniel K. Charny
Cell:  (917) 957-8426
H. Joseph Cronen
Cell:  (607) 279-3829
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York  12572
Office Telephone:  (845) 876-7500
Email:  ncharny@charnywheeler.com
Email:  jcronen@charnywheeler.com

B.    **Defendants**

Craig R. Benson
Cell: (914) 589-8444
Joseph E. Field
Cell: (914) 261-2040
Littler Mendelson P.C.
900 Third Avenue
New York, New York 10022
Office Telephone: (212) 583-9600
E-mail:  cbenson@littler.com
E-mail:  jfield@littler.com

V.    **BASIS FOR SUBJECT MATTER JURISDICTION**

A.    **Plaintiff**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

B.    **Defendants**

Defendant agrees that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the claims and the defenses asserted in this action.

VI.    **CLAIMS AND DEFENSES**

The following claims and defenses remain for trial in this case.

A.    **Plaintiff's Claims**

Plaintiff has two claims remaining for trial in this case:

(1)    First Amendment Retaliation; and

(2)    Municipal Liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

### B.    Defendant's Defenses

The City states that Welch will be unable to establish at trial either his First Amendment Retaliation claim or his claim for municipality liability under *Monell*.  The City does not have any affirmative defenses upon which it bears the burden of proof at trial.

## VII.    TRIAL

The parties agree that the trial will require between two to three trial days.  Plaintiff has requested a jury trial.

## VIII.    CONSENT TO MAGISTRATE

The parties do not consent to proceed to trial before a Magistrate Judge.

## IX.    STIPULATED FACTS

The parties have conferred and will submit a joint exhibit containing the stipulations of fact that can be read or provided to the jury at trial.

## X.    WITNESSES

### A.    Plaintiff

The following is a list of the witnesses that Plaintiff may call to testify at the time of trial in this action.  This list does not include additional witnesses that Plaintiff may call for purposes of rebuttal or impeachment at the time of trial.

| NAME | SUMMARY OF TESTIMONY | TOTAL TIME ALLOTTED |
|---|---|---|
| Plaintiff Tyrone Welch | Plaintiff will testify regarding his claims in this case, his employment with the City and his alleged damages. | 1 hour |
| Andrew Stewart | Stewart was the City Manager at the time of the events at issue and who signed the Written Reprimand and will testify as to the basis for the Written Reprimand. | 30 minutes |
| Joanna Duncan | Duncan was the Human Resource Manager at the time of the events at issue and who managed the "investigation" into the Social Media Posts.  Duncan will testify as to the investigation and the basis for the Written Reprimand.  Plaintiff will need 1 to 2 hours for | 30 minutes |

| NAME | SUMMARY OF TESTIMONY | TOTAL TIME ALLOTTED |
|---|---|---|
| | this witness. | |
| Andre Rainey | Rainey was the Mayor and outgoing Mayor at the time of the events at issue and was the impetus for the investigation and Written Reprimand. Rainey will testify as to his complaint regarding the Social Media Posts, the investigation and the resulting Written Reprimand. | 1 hour |
| Emily Roscia | Emily Roscia was Plaintiff's principal union representative for all times relevant to the Social Media Posts, investigation and resulting written reprimand and will testify as to the investigation process and impact of the Written Reprimand. | 30 minutes* |
| Tashuma Draper | Tashuma Draper is an acquaintance of Plaintiff and will testify as to Plaintiff's activism, the Social Media Posts and the damages arising out of the Defendant's retaliatory conduct. Plaintiff will need 1 to 2 hours for this witness. | 30 minutes* |
| Sylvio Burcescu | Sylvio Burcescu was and is Plaintiff's treating health care provider and will testify as to damages. Plaintiff will need 1 hour for this witness. | 30 minutes* |

| NAME | SUMMARY OF TESTIMONY | TOTAL TIME ALLOTTED |
|---|---|---|
| Richard Hanemann | Richard Hanemann was and is Plaintiff's treating mental health provider and will testify as to damages.  Plaintiff will need 1 to 2 hours for this witness. | 30 minutes* |

*Plaintiff requests the Court to reconsider its instruction that these witnesses be limited to 15 minutes and requests that these witnesses be given up to 30 minutes.  Defendant objects to Plaintiff's request as the Court stated at the May 9, 2024 conference that the entire trial will take no more than two or three days and set the schedule for the witnesses testimony based on that determination.

**A.      Defendant**

The following is a list of the witnesses that Defendant may call to testify at the time of trial in this action.  This list does not include additional witnesses that Defendant may call for purposes of rebuttal or impeachment at the time of trial.

| NAME | SUMMARY OF TESTIMONY | TOTAL TIME ALLOTTED |
|---|---|---|
| Plaintiff Tyrone Welch | Plaintiff will testify regarding his claims in this case, his employment with the City and his alleged damages. | 1 hour |
| Andrew Stewart | Stewart will testify regarding his background and former employment with the City, the City's organization and structure, the City's policies and procedures, the allegations made in Welch's social media posts and the threatened interference that the social media posts had on the City's operations, Stewart's communications and interactions with Rainey and Duncan concerning the events refenced in the Plaintiff's Complaint, Plaintiff's violation of the City's social media policies and Plaintiff's claims and the City's defenses thereto. | 30 minutes |
| Joanna Duncan | Duncan will testify regarding her background and employment with the City, the City's organization and structure, the City's policies and procedures, the allegations made in Welch's social media posts and the threatened | 30 minutes |

| NAME | SUMMARY OF TESTIMONY | TOTAL TIME ALLOTTED |
|---|---|---|
| | interference that the social media posts had on the City's operations, Duncan's communications and interactions with Rainey and Stewart concerning the events refenced in the Plaintiff's Complaint, Plaintiff's violation of the City's social media policies and Plaintiff's claims and the City's defenses thereto. | |
| Andre Rainey | Rainey will testify regarding his role as the City's former mayor, his relationship and communications with Plaintiff, the allegations made by Plaintiff in his social media posts, the racist and offensive nature of certain of the social media posts and the false statements made therein, the threatened interference that the social media posts had on the City's operations and communications between and among Rainey, Stewart, and Duncan about the City's investigation into the social media posts and its response thereto. | 1 hour |

## XI.   DEPOSITION DESIGNATIONS

### A.   Plaintiff

Plaintiff does not anticipate needing any witnesses by deposition designations and reserves that option should witnesses not be available.  If the Court allows Rainey to testify by deposition, Plaintiff designates the following as cross examination from Rainey's July 11, 2022 deposition: 11:22-12:12, 14:5-9; 26:15-27:2, 28:9-17, 29:20-32:11, 32:19-32, 33:7-20, 34:5-11, 45:20-46:10, 56:7-18, 60:8-61:12, 65:22-66:3, 68:19-69:5, 71:18-73:10, 80:7-12, 81:23-82:7, 87:20-22, 90:13-92:5, 92:20-93:2.

### B.   Defendant

Defendant anticipates that all of its witnesses will testify in person at trial.  However, in the event that Rainey is not available for trial pursuant to Rule 32(a)(4) of the Federal Rules of Civil Procedure, Defendant designates the following testimony from Rainey's July 11, 2022 deposition as follows: 12:14-13:3, 14:19-15:20, 24:4-21, 27:3-34:21, 45:17-46:10, 50:1-17, 52:22-53:17, 55:5-56:6, 57:15-58:16, 60:1-61:12, 64:8-65:17, 66:4-68:5, 68:19-69:5, 71:10-73:7, 74:6-76:20, 78:1-83:8, 85:2-89:16, 91:5-92:14, 101:10-102:18 and 103:4-8.  Defendant also reserves the right to designate relevant deposition excerpts of any other witness for use at trial to the extent that such witness is not available pursuant to Rule 32(a)(4) of the Federal Rules of Civil Procedure.

## XII.   EXHIBIT LIST

### A.   Plaintiff

| EX. NO. | BATES | DESCRIPTION | BASIS FIR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
| 1 | PL 001-004 | Plaintiff's Instagram Posts | Relevance (FRE 401, 402) | |
| 2 | PL 005-011 | Plaintiff's Facebook Posts | Relevance (FRE 401, 402) | |
| 3 | PL 012-014 | Plaintiff's Instagram Post | Relevance (FRE 401, 402) | |
| 4 | PL 014-15 | Plaintiff's Instagram Post | Relevance (FRE 401, 402) | |
| 5 | PL 016-019 | Unsigned Reprimand | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)); Business Record (FRE 803(6)) | |
| 6 | PL 020-025 | Roscia Email with Plaintiff's Statement | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | Objection to PL 025 Relevance (FRE 401), Prejudice, Confusion (FRE 403), Authentication (FRE 901) |
| 7 | PL 027-028 | Picture of Obama Cartoon and Covering Email | Relevance (FRE 401, 402) | Relevance (FRE 401), Prejudice, Confusion (FRE 403), Authentication (FRE 901) |
| 8 | PL 029-038 | Signed Reprimand Without Rebuttal Photos | Relevance (FRE 401, 402); Business Record (FRE 803(6)) | |
| 9 | PL 039-044 | Covering Duncan Email with Signed Reprimand and Rebuttal Without | Relevance (FRE 401, 402); Business Record | |

| | | Photos | (FRE 803(6)) | |
|---|---|---|---|---|
| 10 | PL 045-046 | Roscio/Stewart Email Exchange | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 11 | PL 047 | Video of Rainey (at 23:22 – 24:08) | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | Authentication (FRE 901), Relevance (FRE 401), Prejudice, Confusion, Waste of time (FRE 403) |
| 12 | intentionally blank | | | |
| 13 | DEF 0435-0436 | Text to Stewart | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 14 | DEF 0437-0448 | Investigation Statements and Report | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)); Business Record (FRE 803(6)) | |
| 15 | DEF 0449-0450 | Stewart Email re Policy Violations | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | Incomplete exhibit, missing 451-53 |
| 16 | DEF 0455 | Stewart/Duncan Email Exchange 1/19/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 17 | DEF 0461-0463 | Duncan Email to Welch 1/29/2021 | Relevance (FRE 401, 402) | |
| 18 | DEF 0516-0523 | Duncan Email to Welch 2/11/2021 | Relevance (FRE 401, 402) | |
| 19 | DEF 0532-0533 | Email Exchange between Stewart and Rainey 2/13-2/16/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 20 | DEF 0534-0536 | Stewart Email to Duncan 2/16/2021 | Relevance (FRE 401, 402); | |

| | | | Admission (FRE 801(d)(2)) | |
|---|---|---|---|---|
| 21 | DEF 0537-0542 | Roscio Email with Attachment 2/17/2021 | Relevance (FRE 401, 402) | Objection to DEF 0542 Relevance (FRE 401), Prejudice, Confusion (FRE 403), Authentication (FRE 901) |
| 22 | DEF 0551-0552 | Email Exchange Roscio and Duncan 2/17/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 23 | DEF 0553-0555 | Email Roscio to Duncan 2/17/2021 | Relevance (FRE 401, 402) | Objection to DEF 0554 Relevance (FRE 401), Prejudice, Confusion (FRE 403), Authentication (FRE 901) |
| 24 | DEF 0572 - 0592 | Investigation Report with Duncan Covering Email | Relevance (FRE 401, 402) | Objection to DEF 0588 Relevance (FRE 401), Prejudice, Confusion (FRE 403), Authentication (FRE 901) |
| 25 | DEF 0598-0600 | Stewart/Duncan Email Exchange | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 26 | DEF 0601-0605 | Duncan/Stewart Email With Draft 3/3/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 27 | DEF 0607 | Stewart Email to Duncan 3/22/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 28 | DEF 0617-0618 | Roscio/Duncan Email | Relevance (FRE | |

| EX. NO. | BATES NO. | DESCRIPTION | BASIS FOR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
| | | Exchange 3/24/2021 | 401, 402) | |
| 29 | DEF 0648-0649 | Stewart/Rainey Email Exchange 2/16/2021 | Relevance (FRE 401, 402); Admission (FRE 801(d)(2)) | |
| 30 | MED 004-0517 | Mensana Medical Records | Relevance (FRE 401, 402); Business Record (FRE 803(6)) | Authentication (FRE 901), Relevance (FRE 401), Prejudice, Confusion, Waste of time (FRE 403) |

B.    **Defendant**

| EX. NO. | BATES NO. | DESCRIPTION | BASIS FOR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
| A | | Plaintiff's Complaint | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)) | * |
| B | DEF000097, DEF000099 and DEF000128 | Plaintiff's Acknowledgement of City's Unlawful Harassment Policy | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| C | Plaintiff Welch's Production 000001-000004- | Screen shots of Plaintiff's Instagram posts | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)), Hearsay Residual Exception (FRE 807) | |
| D | DEF000461-DEF000463 | 1/29/21 email from Joanna Duncan to Plaintiff re social media | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| E | Plaintiff Welch's Production 000041-000044 | City of Peekskill Workplace Investigation | Relevance (FRE 401, 402), Recorded Recollection 803(5), Business Record 803(6)) | |
| F | DEF000046-DEF000053 | Written Reprimand dated 3/23/21 signed by Plaintiff on 3/25/21 with Plaintiff's response | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| G | Plaintiff Welch's Production 000029-000030 | 3/25/21 email from Joanna Duncan to Emily Roscia re Reprimand | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |

10

| EX. NO. | BATES NO. | DESCRIPTION | BASIS FOR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
| H | DEF000300-333 | CBA between City of Peekskill and Teamsters Local 456 | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| I | Plaintiff Welch's Production 000005-000011 | Plaintiff's Facebook posts | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)), Hearsay Residual Exception (FRE 807) | **Relevance (FRE 401, 402); Hearsay (802); Authentication (FRE 901); Prejudice, Confusion, Waste of time (FRE 403) |
| J | Plaintiff Welch's Production 000014-000015 | Plaintiff's Instagram post | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)), Hearsay Residual Exception (FRE 807) | **Relevance (FRE 401, 402); Hearsay (802); Authentication (FRE 901); Prejudice, Confusion, Waste of time (FRE 403) |
| K | DEF000435-DEF000436 | 1/16/21 Text messages between Andre Rainey and Andrew Stewart | Relevance (FRE 401, 402), Present sense impression (FRE 803(1)) Recorded recollection 805(5), Business Record (FRE 803(6)) | |
| L | DEF000572-DEF000581 | 2/22/21 email from Joanna Duncan to Andy Stewart with attached investigation report | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| M | DEF000534-DEF000536 | 2/16/21 email chain between Andy Stewart and Joanna Duncan re investigation | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| N | DEF000530-DEF000531 | 2/16/21 email from Andy Stewart to Joanna Duncan re Andre Rainey's request for an investigation | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |

11

| EX. NO. | BATES NO. | DESCRIPTION | BASIS FOR ADMISSIBILITY | OBJECTION |
|---|---|---|---|---|
| O | DEF000462-DEF000463 | City's Social Media Policy | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| P | | 9/25/19 letter from Richard Leins to Deputy City Clerk Allyson Curtis | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | * |
| Q | | Plaintiff's Responses to Defendant's First Set of Interrogatories, dated 5/19/22 | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)) | * |
| R | | Declaration of Tyrone Welch in Opposition to Defendants' Motion for Summary Judgment, dated 2/20/23 | Relevance (FRE 401, 402), Admission (FRE 801(d)(2)) | * |
| S | DEF000509-DEF000510 | 2/5/21 email chain between Joanna Duncan Emily Roscia | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| T | DEF000527 | 2/13/21email from Andre Rainey to Joanna Duncan re impact of investigation on Welch's employment | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | * |
| U | DEF000608 | 3/22/21 email chain between Emily Roscia and Melissa Ferraro regarding status of investigation | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |
| V | DEF000628-DEF000631 | 3/25/21 email chain between Emily Roscia and Joanna Duncan with Reprimand | Relevance (FRE 401, 402), Business Record (FRE 803(6)) | |

\* admitted over objection
\*\* the Court reserved ruling

## XIII.   **STATEMENT OF DAMAGES CLAIMED**

Plaintiff seeks and claims the following damages:

(i)     Compensatory/mental anguish damages set by the jury;

(iv)     Attorneys fees and costs incurred; and

(v)    Such other relief as the Court and/or jury deem proper and just.

## XIV.    **STATEMENT REGARDING THE VERDICT**

The parties do not consent to a less than unanimous verdict.

Dated:  June 28, 2024

**CHARNY & WHEELER P.C.**                    **LITTLER MENDELSON, P.C.**


By:    *s/ Nathaniel K. Charny*              By:    *s/ Joseph E. Field*
       Nathaniel K. Charny                          Craig Benson
       H. Joseph Cronen                             Joseph E. Field
       9 West Market Street                         900 Third Avenue
       Rhinebeck, New York 12572                    New York, New York 10022
       (845) 876-7500                               (212) 583-9600
       *Attorneys for Plaintiff*                    *Attorneys for Defendant*



**SO ORDERED:**



**PHILIP M. HALPERN**